1   PHILIP J. GRAVES (SBN 153441)
    philipg@hbsslaw.com
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    301 North Lake Avenue, Suite 203
3   Pasadena, CA  91101
    Telephone:  (213) 330-7150
4   Facsimile:  (213) 330-7152

5   BARBARA MAHONEY (*pro hac vice* pending)
    barbaram@hbsslaw.com
6   HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 8th Avenue, Suite 3300
7   Seattle, WA  98101
    Telephone:  (206) 623-7292
8   Facsimile:  (206) 623-0594

9   Attorneys for Plaintiff
    FEMTO-SEC TECH, INC.

10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                       SOUTHERN DIVISION

14  FEMTO-SEC TECH, INC., a California          No. 8:15-cv-1687
    Corporation,
15                                              **COMPLAINT FOR PATENT**
                        Plaintiff,              **INFRINGEMENT AND**
16                                              **DEMAND FOR JURY TRIAL**
17        v.

18  BAUSCH & LOMB INC., a New York
    Corporation,
19
20                      Defendant.

21

22

23

24

25

26

27

28

Plaintiff Femto-Sec Tech, Inc. ("Femto-Sec"), by and through its undersigned attorneys, pleads as follows:

## I.      PARTIES

1.      Femto-Sec is a corporation organized and existing under the laws of the State of California having its principal place of business in Aliso Viejo, California.

2.      Bausch & Lomb Inc. ("Bausch & Lomb") is a corporation organized and existing under the laws of the State of New York, having its headquarters in Rochester, New York.

## II.     JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      On information and belief, this Court has personal jurisdiction over Bausch & Lomb for the reasons, among others, that (i) Bausch & Lomb transacts business by selling infringing product in California, (ii) Bausch & Lomb has places of business in Irvine and Rancho Cucamonga, California, and (iii) Bausch & Lomb maintains an agent for service of process in Los Angeles, California.

5.      Venue is proper in this District because (i) Bausch & Lomb resides in this District within the meaning of 28 U.S.C. §§ 1391 and 1400(b), and (ii) Bausch & Lomb has committed acts of infringement in this District and has a regular and established place of business in this District.

## III.    FACTUAL ALLEGATIONS

**A.      Dr. Neev**

6.      Dr. Joseph Neev, President of Femto-Sec, is a physicist and an inventor of revolutionary applications of lasers in the ophthalmic, dermatological, dental and cardiovascular fields.

7.      Dr. Neev's career in advancing the use of laser technology to optimize surgical applications began in the late 1980s.  His contributions to augment the use of

- 1 -

lasers in medical and other applications is well-recognized in the industry, and can be seen through his numerous publications and his affiliation with reputable institutions such as Lawrence Livermore National Laboratory ("Livermore"), the University of California at Irvine ("UCI"), the Beckman Laser Institute, the University of California at San Diego, the University of California at San Francisco, Cornell University School of Medicine, the University of Texas at Austin, Stanford University's School of Medicine, and Duke University's School of Medicine.  As an internationally recognized leader in the field of femtosecond lasers in surgery and medicine, Dr. Neev was asked, in the mid-1990's, to organize the first conference on commercial and biomedical applications of ultra-short pulse lasers and served as the conference chair or co-chair for over a decade.

8.     In the mid and late 1990s, Dr. Neev worked as an assistant professor of surgery at the Beckman Laser Institute and Medical Clinic, which was part of the Department of Surgery at UCI.  At the time, Dr. Neev worked with other University of California scientists at Livermore on research and development projects relating to ultra-short pulse lasers.  Livermore, which was managed by the University of California at the time, is a federally funded research laboratory, entrusted with strengthening the United States' security through the development and application of world-class science and technology.

9.     Dr. Neev and his collaborators at Livermore developed foundational technology relating to ultra-short pulse lasers with various applications.  The Regents of the University of California ("The Regents") applied for and received various patents relating to this foundational technology.  Among these patents is U.S. Patent Nos. 5,720,894 (the "'894 Patent"), entitled "Ultrashort Pulse High Repetition Rate Laser System for Biological Tissue Processing," which was issued by the U.S. Patent and Trademark Office on February 24, 1998.  Dr. Neev is a named inventor of the '894 patent.

1    10.    Following his departure from UCI, Dr. Neev continued his research

2 concerning medical applications of laser technology.  Dr. Neev's subsequent work has

3 resulted in the issuance of 15 U.S. Patents covering various laser and light-based

4 biomedical applications, including U.S. Patent No. 6,482,199.

5 **B.    The Femto-LLNS License**

6    11.    Dr. Neev founded Femto-Sec in or about 2007.  Femto-Sec is engaged in

7 research and development in the field of ultra-short pulse lasers for medical,

8 ophthalmic, dental, and industrial applications.

9    12.    In 2007, Femto-Sec invested significant funds to acquire an exclusive

10 field-of-use license to a group of patents relating to, among other things, femtosecond

11 lasers.  As of August 29, 2007, Femto-Sec and The Regents, on information and belief

12 at that time the manager of Livermore, entered into a Limited Exclusive Patent

13 License Agreement for Short-Pulse Laser Technology ("the Femto-LLNS License").

14 Femto-Sec paid to license patents based on technology developed by Dr. Neev as well

15 as on technology developed by Dr. Neev's former colleagues at Livermore.

16    13.    Under the Femto-LLNS License, Femto-Sec was granted an exclusive

17 royalty-bearing license under five patents related to ultra-short pulse laser technology

18 within a field of use comprising medical applications for humans and animals,

19 including medical devices and cosmetic applications, and biological treatments for

20 plants.  One of those patents was the '894 Patent.

21 **C.    The VICTUS Femtosecond Laser Platform**

22    14.    Bausch & Lomb markets and sells the VICTUS Femtosecond Laser

23 Platform in the United States.

24    15.    The VICTUS Femtosecond Laser Platform is an ophthalmic surgical laser

25 with at least the following indicated uses:

26    • The creation of a corneal flap in patients undergoing LASIK surgery or

27 other treatment requiring initial lamellar resection of the cornea;

28

- Anterior capsulotomy during cataract surgery;

- The creation of cuts/incisions in the cornea in patients undergoing cataract surgery or other ophthalmic treatment requiring cuts / incisions in the cornea;

- The creation of penetrating arcuate cuts/incisions in the cornea in patients undergoing cataract surgery or other ophthalmic treatment requiring penetrating arcuate cuts/incisions in the cornea;

- Laser-assisted lens fragmentation of nuclear cataracts during cataract surgery, not for fragmentation of posterior subcapsular (PSC) and cortical cataracts.

16.     On information and belief, the VICTUS Femtosecond Laser Platform is used to selectively ablate and/or modify eye tissue.

17.     On information and belief, the VICTUS Femtosecond Laser Platform operates with a pulse duration in the approximate range from 290 femtoseconds to 550 femtoseconds.

18.     On information and belief, the VICTUS Femtosecond Laser Platform operates with a pulse repetition rate of 80 kilohertz (cataract surgery), or 160 kilohertz (LASIK flap).

19.     On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, the pulsed laser beams are directed and focused to specific locations on and in a patient's eye.

20.     On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, each pulsed beam forms a plasma at least in part as a result of absorption of the beam's energy by eye tissue.

21.     On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, the plasma generated by the interaction of a beam and the eye tissue is allowed to decay.

22.     On information and belief, when the VICTUS Femtosecond Laser Platform is used for an indicated use, the system operates such that there is substantially no transfer of thermal or mechanical energy into and substantially no collateral damage to the surrounding tissue.

## COUNT I

## INFRINGEMENT OF THE '894 PATENT

### (Against Bausch & Lomb)

23.     Femto-Sec restates and incorporates by reference its previous allegations above, as if fully set forth herein.

24.     Bausch & Lomb has infringed and continues to infringe one or more claims of the '894 Patent by making, using, selling or offering to sell in the United States and/or by importing into the United States the VICTUS Femtosecond Laser Platform.

25.     Bausch & Lomb has induced and continues to induce infringement of one or more claims of the '894 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VICTUS Femtosecond Laser Platform. Bausch & Lomb has known of the '894 Patent since at least 2008, when Dr. Neev met with Dr. Neev corresponded with and met with representatives of Bausch & Lomb in California and at Bausch & Lomb's laser division headquarters in Germany and informed them of the '894 Patent, and has known or acted with willful blindness to the likelihood that the use of the VICTUS Femtosecond Laser Platform by ophthalmic surgeons infringes the '894 Patent.

26.     The VICTUS Femtosecond Laser Platform is configured such that the use of the lasers for eye surgery constitutes infringement, and Bausch & Lomb instructs and encourages users to use the infringing laser for eye surgery.

27.     With respect to the VICTUS Femtosecond Laser Platform, Bausch & Lomb's website and marketing materials state, among other things:

- "*VICTUS*, the industry-leading femtosecond laser that provides exceptional performance across cataract and corneal applications takes versatility to a new level.  This single laser platform enables surgeons to perform capsulotomies, fragmentation, arcuate incisions, corneal incisions, and LASIK flaps.  *VICTUS* is engineered to meet the standards of the clinician who truly embraces innovation."

- "The VICTUS platform is cleared for creation of a corneal flap in patients undergoing LASIK surgery or other treatment requiring initial lamellar resection of the cornea, and for anterior capsulotomy during cataract surgery.*"*

28.    Bausch & Lomb intends that the infringing product be used in a manner that infringes the '894 Patent.  Bausch & Lomb obtained FDA approval for infringing uses and markets the product for infringing uses.  On information and belief, Bausch & Lomb directly or indirectly creates and provides manuals, brochures and other documentation instructing and enabling infringing uses.

29.    Bausch & Lomb has contributed to and continues to contribute to infringement of one or more claims of the '894 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VICTUS Femtosecond Laser Platform.  The infringing product embodies a material part of the claimed invention of the '894 Patent, and Bausch & Lomb knows that the product is especially made or adapted for uses that infringe the '894 Patent.  The infringing product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

30.    Bausch & Lomb's infringement of the '894 Patent has been and continues to be willful.  Bausch & Lomb has known of the '894 Patent since at least 2008.  Bausch & Lomb knew or should have known that the VICTUS Femtosecond Laser Platform infringes the '894 Patent, and they have proceeded despite an objectively high likelihood that a court would find the product to be infringing.

31. Bausch & Lomb does not currently have nor has it ever had a license under the '894 Patent.

32. Femto-Sec has sustained significant damages as a direct and proximate result of Bausch & Lomb's infringement of the '894 Patent.

33. Femto-Sec will suffer and is suffering irreparable harm from Bausch & Lomb's infringement of the '894 Patent. Femto-Sec is entitled to an injunction against Bausch & Lomb's continuing infringement of the '894 Patent. Unless enjoined, Bausch & Lomb will continue their infringing conduct.

34. Bausch & Lomb's infringement of the '894 Patent is exceptional and entitles Femto-Sec to attorneys' fees and costs incurred in prosecuting this action.

## RELIEF REQUESTED

WHEREFORE, Femto-Sec prays that the Court enter judgment as follows:

A. That Bausch & Lomb has infringed and continues to infringe the '894 Patent and that the '894 Patent is not invalid and is enforceable;

B. Awarding Femto-Sec damages adequate to compensate it for Bausch & Lomb's infringement of the '894 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by them;

C. Awarding a preliminary and permanent injunction restraining and enjoining Bausch & Lomb, and their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

D. Trebling all damages awarded to Femto-Sec under the '894 Patent;

E. Finding this case exceptional and awarding to Femto-Sec its reasonable attorneys' fees incurred in prosecuting its claims for patent infringement;

1       F.      Costs and interest;

2       G.      Such other relief as the Court determines to be just and proper.

3

4    DATED: October 20, 2015                HAGENS BERMAN SOBOL SHAPIRO LLP

5                                           By:   */s/ Philip Graves*
                                                   Philip Graves
6                                           philipg@hbsslaw.com
                                            301 N. Lake Ave #203
7                                           Pasadena, CA  91101
                                            Telephone:  (213) 330-7147
8

9
                                            Barbara Mahoney (*pro hac vice*)
10                                          barbaram@hbsslaw.com
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
11                                          1918 8th Avenue, Suite 3300
                                            Seattle, WA  98101
12                                          Telephone:  (206) 623-7292
                                            Facsimile:  (206) 623-0594
13

14
                                            Attorneys for Plaintiff
15                                          FEMTO-SEC TECH, INC

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Femto-Sec requests a jury trial for all issues triable to a jury.

DATED: October 20, 2015                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:  */s/ Philip Graves*
        Philip Graves
     philipg@hbsslaw.com
     301 N. Lake Ave #203
     Pasadena, CA  91101
     Telephone:  (213) 330-7147

     Barbara Mahoney (*pro hac vice*)
     barbaram@hbsslaw.com
     HAGENS BERMAN SOBOL SHAPIRO LLP
     1918 8th Avenue, Suite 3300
     Seattle, WA  98101
     Telephone:  (206) 623-7292
     Facsimile:  (206) 623-0594

     Attorneys for Plaintiff
     FEMTO-SEC TECH, INC